UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 6:16-CR-36-GFVT-HAI |
| ) | |
| v. ) | RECOMMENDED DISPOSITION |
| ) | |
| RONALD EDWARD GRUNDY, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral from District Judge Van Tatenhove, the Court considers reported violations of supervised release conditions by Ronald Edward Grundy. D.E. 33 at 2. District Judge Van Tatenhove entered a judgment against Defendant on July 6, 2017, on one count of being a felon in possession of a firearm. D.E. 32 at 1. Defendant was sentenced to forty-eight months of imprisonment followed by three years of supervised release. *Id*. at 2-3. On October 23, 2020, Defendant was released from custody to begin his term of supervision.

**I.**

On December 3, 2021, the USPO issued the Supervised Release Violation Report ("the Report") that initiated these proceedings. According to the Report,

> On November 2, 2021, this officer conducted a home visit at Grundy's reported address. This residence belongs to Grundy's employer, and Grundy, his employer, and another person live in the home. The other resident of the home advised the home owner was currently working in New Mexico and Grundy did not travel with the home owner. When this officer inquired, the resident advised Grundy had not been home in a few days and might be staying with his sister. A red tag with a written message was left with the resident instructing Grundy to report to the probation office on November 9, 2021.

1

> This officer then traveled to his sister's residence and made contact with Grundy's sister, Tabitha. Tabitha advised Grundy had lived with her for approximately two weeks but had recently left after they had an argument. She advised Grundy did not have a phone at this time and she did not know where he might be staying. A second red tag with a written message was left with Tabitha with instructions for Grundy to report to the probation office on November 9, 2021. Grundy failed to report to the office as directed and this officer has been unable to reach him via telephone. This officer spoke with his counselor at Windows of Discovery and she advised she was unable to reach Grundy for his scheduled session on October 27th and could not reach him for his scheduled sessions in November 2021.
>
> On November 19, 2021, certified letters were sent to Grundy's reported address and to his sister's address with instructions for him to report to the probation office on November 29, 2021. The certified letter sent to Grundy's reported address was picked up at the post office by an individual on November 26, 2021. Grundy did not report as directed.
>
> Due to a previous Tennessee state conviction, Grundy is required to register as sex offender. Although his registration is listed as compliant, it appears he is not living at his listed address and his whereabouts are unknown.

The Report charges a single violation based on this conduct. Violation #1 alleges that Defendant violated the condition requiring him to live at a place approved by the probation officer and to notify the probation officer at least 10 days before, or, if prior notification is not possible, within 72 hours following, any change in living arrangements. This is a Grade C violation.

On February 22, 2022, the USPO issued an Addendum to the Report ("the Addendum"), charging two additional violations. According to the Addendum, Defendant was arrested on February 21, 2022, when law enforcement located and attempted to serve him with a warrant for his failure to appear on an unrelated traffic violation in McCreary County District Court. Per the citation, Defendant was agitated and refused to comply with the officer's commands. Defendant was found to have a clear, plastic container in his pocket, which held a plastic bag containing suspected methamphetamine and a suspected Xanax pill. Defendant was subsequently charged with possession of a controlled substance, first degree (methamphetamine), resisting arrest, and

possession of a controlled substance, second degree (drug unspecified). Based on this conduct, Violation #2 alleges that Defendant violated the conditions requiring him to not commit another federal, state, or local crime and to not unlawfully possess a controlled substance. This is a Grade B violation.

The Addendum also indicates that, "[p]er the Kentucky State Police Sex Offender Registry, Grundy is listed as non-compliant with his registration requirement." Based on this, Violation #3 alleges that Defendant violated the condition requiring him to register as a sex offender as prescribed by state law. This is a Grade C violation.

The Court conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 on February 25, 2022. D.E. 37. Defendant entered a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. *Id.* At that time, the United States made an oral motion for detention; Defendant did not request release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found detention was required. *Id.*

At the final hearing on March 10, 2022, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 39. Defendant waived a formal hearing and stipulated to the violations set forth in the Report and Addendum. *Id.* The Court found Defendant to be competent to stipulate to the violations and that the stipulation was knowingly, voluntarily, and intelligently made. *Id*. The Court also found the stipulation to be consistent with the advice of Defendant's counsel. *Id.*

Of course, the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Defendant's stipulation permits the Court to find that he engaged in conduct that is a Grade B violation under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(2).

During the final hearing, the parties jointly recommended a term of imprisonment of eighteen months followed by a term of supervision of eighteen months.

The government focused on the breach of the Court's trust and Defendant's history and characteristics. The government stated that Defendant's success on supervision prior to the current violations, immediate acceptance of responsibility, and his genuine, respectful demeanor mitigate the violations and highlight his potential for success on supervision. The government argued that the absence of a firearm from the conduct comprising the violations is also somewhat mitigating. However, the government noted that Defendant's criminal history is riddled with violence, including the conduct that underlies the current violations.

Defense counsel also highlighted that Defendant's near year of success on supervision and quick acceptance of responsibility are mitigating factors. Defense counsel also stated that Defendant has a long history of addiction and began drinking alcohol at a young age. As to the current violations, defense counsel explained that, rather than turning to his probation officer for help, Defendant fell back on his addiction to help him cope with a stressful living arrangement. Defense counsel stated that Defendant desires to be successful on supervision and does not want to further disappoint his family.

Defendant declined to address the Court.

## II.

Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant was convicted of the Class C felony of being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g); 18 U.S.C. § 3559(a)(3). For a Class C felony, the maximum revocation sentence provided under § 3583 is two years of imprisonment. 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438-39 (6th Cir. 2007) ("[T]he policy statements found in Chapter Seven of the United States Sentencing Guidelines . . . 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under section 7B1.1, Defendant's admitted conduct qualifies as Grade C violations with respect to Violations #1 and #3 and a Grade B violation with respect to Violation #2. Given Defendant's criminal history category of V (the category at the time of the conviction in this District) and a Grade B violation, Defendant's Range under the Revocation Table of Chapter 7 is eighteen to twenty-four months. U.S.S.G. § 7B1.4(a); *see* U.S.S.G. § 7B1.1(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."). Both parties agreed to this calculation of the range.

A Court may also re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Defendant's maximum supervised release term for his Class C felony is thirty-six months, less any term of imprisonment imposed upon revocation, including prior revocation terms. *See United States v. Brown*, 639 F.3d 735, 738 (6th Cir. 2011) (holding that § 3583(h) requires aggregation of any periods of incarceration imposed upon multiple revocations).

Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant's release because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1). The only exception would be if a suitable treatment option, or Defendant's record of involvement in treatment, warranted relief. *See* 18 U.S.C. § 3583(d); *United States v. Crace*, 207 F.3d 833, 835 (6th Cir. 2000) (holding district court "required by 18 U.S.C. § 3583(g) to revoke the defendant's term of supervised release upon the defendant's positive drug test and admission of the use of a controlled substance unless defendant could come under the exception in 18 U.S.C. § 3583(d)"). Defendant did not request or argue in favor of this exception and the record does not support its application.

The presence of a Grade B violation also means that revocation is recommended under the Guidelines. U.S.S.G. § 7B1.3(a)(1) ("Upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release."). Even if revocation were not mandatory, revocation would be appropriate in this case due to the nature of the violations.

### III.

The Court has evaluated the entire record, the Report, the Addendum, all accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis.

The Court first considers the nature and circumstances of Defendant's conviction. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). The underlying offense involved Defendant firing multiple shots toward a residence while two individuals were inside. This is extremely dangerous and violent behavior, and, as to the current

violations, resisting arrest and illegally possessing controlled substances indicate that Defendant still presents a danger to the community. While Defendant has made significant improvements, the Court believes drug use can quickly lead to violence given his past conduct.

The Court next considers Defendant's history and characteristics, the need to deter criminal conduct, and the need to protect the public. Defendant's supervised release violations are disappointing considering his success on supervision for nearly a year. However, absconsion and controlled substance offenses will not be tolerated. Further, incarceration is necessary to protect the public and deter further criminal conduct. Defendant's possession of controlled substances while on supervised release promotes drug trafficking and poses the risk of returning to criminal conduct, which is dangerous to the public. This danger is exacerbated by Defendant resisting arrest.

Regarding the need to provide education, training, or treatment, the parties did not request treatment. However, should he become tempted to return to his addiction, Defendant should contact his probation officer to obtain help and access to the resources he needs.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender. The particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Defendant's present breach of trust is troubling because it involves absconding and the possession of a controlled substance. However, his acceptance of responsibility and success on supervision prior to the violations mitigate that breach to a certain extent.

The requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is addressed by a recommended sentence within the Guidelines range. Here, the Court recommends a sentence of incarceration of eighteen months. For the reasons discussed above, the Court finds this penalty is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violations. *See* 18 U.S.C. § 3583(b) & (h). Defendant's conviction carries a maximum supervised release term of three years as a starting point, reduced by any revocation term of imprisonment. *See United States v. Brown*, 639 F.3d 735, 738 (6th Cir. 2011) (holding that § 3583(h) requires aggregation of any periods of incarceration imposed upon multiple revocations). This is Defendant's first revocation. If the Court imposes the recommended imprisonment term, an additional term of eighteen months of supervised release may be re-imposed. Thus, the undersigned recommends an additional term of eighteen months of supervised release.

### IV.

Based on the foregoing, the Court **RECOMMENDS**:

1. That Defendant be found guilty of the violations;
2. Revocation with a term of eighteen months; and
3. Eighteen months of supervised release to follow, under the same conditions previously imposed.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As

defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended disposition, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission. If Defendant chooses to waive allocution, he **SHALL** do so on or before the deadline for filing objections.

This the 15th day of March, 2022.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge