UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:16-cr-00036-GFVT-HAI |
| | ) | |
| v. | ) | |
| | ) | |
| RONALD EDWARD GRUNDY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 40.] For the reasons that follow, Judge Ingram's Report and Recommendation will be ADOPTED in its entirety.

**I**

Defendant Ronald Edward Grundy has been charged with violating the conditions of his supervised release. [R. 36.] On June 13, 2017, this Court sentenced Mr. Grundy to forty-eight months in prison to be followed by three years of supervised release after Mr. Grundy pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [R. 32.] Mr. Grundy was released from custody and began his term of supervision on October 23, 2020. [R. 40 at 1.]

The USPO issued the Supervised Release Violation Report on December 3, 2021, that initiated these proceedings. *Id.* The Report contains one violation allegation: Violation #1 alleges that Mr. Grundy violated the condition of his supervision requiring him to live at a place approved by his probation officer and to notify his probation officer at least ten (10) days, or 72 hours if prior notification is not possible, following any living arrangement change (a Grade C

violation).  *Id.* at 2.

The alleged violation arose after Mr. Grundy's probation officer was unable to locate Mr. Grundy in November 2021 following a home visit, visit to Mr. Grundy's sister's house, speaking with Mr. Grundy's counselor at Windows of Discovery, and sending certified letters to Mr. Grundy's reported address.  *Id.*  The USPO issued an Addendum on February 22, 2022, with two additional alleged violations: Violation #2 alleges that Mr. Grundy violated the condition requiring him not to commit another local, state, or federal crime and to not unlawfully possess a controlled substance (a Grade B violation); and Violation #3 alleges that Mr. Grundy violated the condition requiring him to register as a sex offender in accordance with state law (a Grade C violation).  *Id.* at 2–3.  These allegations arose following an arrest on February 21, 2022, after Mr. Grundy failed to appear on an unrelated traffic violation in McCreary County District Court.  *Id.* at 2.  During Mr. Grundy's encounter with the police leading up to his arrest, Mr. Grundy was agitated and noncompliant and officers found a clear, plastic bag in his pocket containing suspected methamphetamine and a suspected Xanax pill.  *Id.*

On February 25, 2022, Judge Ingram conducted an initial appearance with Mr. Grundy pursuant to Rule 32.1.  [R. 37.]  At the hearing, Mr. Grundy knowingly, voluntarily, and intelligently waived his right to a preliminary hearing.  *Id.*  The Government made an oral motion for detention, and Mr. Grundy did not argue for release.  *Id.*  Judge Ingram found, pursuant to 18 U.S.C. § 3143(a), that detention was required in this case.  *Id.*

On March 10, Judge Ingram conducted the final hearing.  [R. 39.]  At the hearing, Mr. Grundy entered a knowing, voluntary, and intelligent stipulation to the violations contained in the Report and Addendum.  *Id.*  Judge Ingram found Mr. Grundy to be competent to stipulate to the violations and that it was consistent with the advice of counsel.  *Id.*  Judge Ingram further

2

found that Mr. Grundy's stipulation permitted him to find that Mr. Grundy engaged in conduct that is a Grade B violation under the Guidelines. *Id.* (citing U.S.S.G. § 7B1.1(a)(2)). At the hearing, the parties jointly recommended a term of imprisonment of eighteen months followed by a term of supervision of eighteen months. [R. 40 at 4.]

## II

After the hearing, Judge Ingram carefully reviewed the entire record, including the Report and all accompanying documents, and the underlying Judgment and sentencing materials. Judge Ingram also considered the factors set forth in 18 U.S.C. § 3553, as incorporated in § 3583(e). Section 3583(e)(3) provides that the maximum penalty for a supervised release violation hinges on the severity of the underlying offense of conviction, which in this case was a Class C felony for being a felon in possession of a firearm. [R. 32.] Eighteen U.S.C. § 3583(e)(3) instructs that Mr. Grundy's conviction carries a twenty-four month maximum period of incarceration following a revocation. Furthermore, the maximum supervised release term for Mr. Grundy given his Class C felony is thirty-six months, less any term of imprisonment imposed upon revocation, and this includes prior revocation terms. [R. 40 at 5 (citing *United States v. Brown*, 639 F.3d 735, 738 (6th Cir. 2011)).]

Judge Ingram analyzed the Policy Statements in Chapter 7 and determined, given Mr. Grundy's criminal history category of V (at the time of his original conviction) and admitted Grade B violation,[1] that Mr. Grundy's range of revocation is eighteen to twenty-four months. *Id.* A court is permitted to reimpose supervised release, following revocation, for a maximum period that subtracts any term of incarceration imposed because of a violation. *See* 18 U.S.C. § 3583(b)

---

[1] "Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).

3

& (h).  Here, Mr. Grundy's original conviction carries a maximum term of supervision of thirty-six months.  *Id.*  Congress mandates revocation in this case because Mr. Grundy possessed a controlled substance, and Judge Ingram found that the exceptions regarding a suitable treatment option or Mr. Grundy's record of involvement in treatment were not appropriate.  *Id.* at 6.

In determining the appropriate revocation term of imprisonment, Judge Ingram considered all the statutory factors imported into the § 3583(e) analysis as well as the Guidelines Range.  *Id.* at 6–8.  Regarding the nature and circumstances of the underlying offense and need to deter criminal conduct, Judge Ingram found that Mr. Grundy's underlying offense involved him firing "multiple shots toward a residence while two individuals were inside," which constituted "extremely dangerous and violent behavior."  *Id.* at 6.  Although Judge Ingram noted that Mr. Grundy had "made significant improvements," he found that Mr. Grundy's resisting arrest and illegal possession of controlled substances indicated that he still presents a danger to the community.  *Id.* at 7.

As to the history and characteristics, need to deter criminal conduct, and the need to protect the public, Judge Ingram noted that Mr. Grundy's behavior is disappointing, particularly given his success on supervision for almost a year.  *Id.*  However, he noted, "abscosion and controlled substance offenses will not be tolerated."  *Id.*  Judge Ingram determined that incarceration was necessary to protect the public and deter criminal conduct, given that Mr. Grundy's illegal possession of controlled substances on supervision "promotes drug trafficking and poses the risk of returning to criminal conduct, which is dangerous to the public."  *Id.*

As for the need to provide education, training, or treatment, Judge Ingram noted that no party requested treatment.  *Id.*  However, Judge Ingram noted that should Mr. Grundy "become tempted to return to his addiction," he should reach out to his probation officer and obtain access

4

to helpful resources.  *Id.*  Judge Ingram found that the primary wrong in the supervised release context was a breach of the Court's trust.  Judge Ingram found Mr. Grundy's breach in this case particularly troubling "because it involves absconding and the possession of a controlled substance."  *Id.*  However, Judge Ingram did note that Mr. Grundy's success for nearly a year on supervision and acceptance of responsibility mitigated the breach of trust "to a certain extent."  *Id.*

Judge Ingram found that the requirement that the Court "seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct," is sufficiently addressed by a Guideline recommended sentence of eighteen months.  *Id.* at 8.  Judge Ingram found that this sentence is sufficient but not greater than necessary to satisfy the § 3553(a) factors.  *Id.*

Ultimately, Judge Ingram makes the following recommendations: (1) Mr. Grundy be found guilty of all violations contained in the Report and Addendum; (2) Mr. Grundy's term of supervision be revoked, and he serve an eighteen-month term of imprisonment; and (3) Mr. Grundy serve an eighteen-month term of supervision under the same conditions previously imposed following his term of imprisonment.  *Id.* at 8.

Judge Ingram's Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service.  *Id.* at 9; *see* 28 U.S.C. § 636(b)(1).  The Report and Recommendation also provides the parties with the consequences of failing to object within the provided timeframe.  *Id.*; *see Thomas v. Arn*, 474 U.S. 140 (1985).  Mr. Grundy has not filed any objections to Judge Ingram's Report and Recommendation and has provided a Waiver of Allocution.  [R. 41.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation made as to Defendant Ronald Edward Grundy **[R. 40]** is **ADOPTED** as and for the opinion of the Court;

2. Mr. Grundy is found **GUILTY** of the violations contained in the Report and Addendum;

3. Mr. Grundy shall serve a term of imprisonment of eighteen months; and

4. Following Mr. Grundy's release, he shall serve an eighteen-month term of supervision under the same conditions previously imposed.

This the 19th day of April, 2022.

Gregory F. Van Tatenhove
United States District Judge

7